AJrecused,APPEAL,CLOSED

# U.S. District Court
# District of New Hampshire (Concord)
# CIVIL DOCKET FOR CASE #: 1:19−cv−00143−SM

| | |
|---|---|
| Maravelias v. Coughlin et al<br>Assigned to: Judge Steven J. McAuliffe<br>Cause: 28:1331 Fed. Question | Date Filed: 02/11/2019<br>Date Terminated: 11/04/2019<br>Jury Demand: Plaintiff<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Paul Maravelias** | represented by | **Paul Maravelias**<br>34 Mockingbird Hill Rd<br>Windham, NH 03087<br>603 475−3305<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **John J. Coughlin**<br>*Senior Judge, 10th Circuit Court−District Division, in his individual and offical capacity* | represented by | **Nancy J. Smith**<br>NH Attorney General's Office (Civil)<br>Civil Bureau<br>33 Capitol St<br>Concord, NH 03301−6397<br>603 271−3650<br>Email: nancy.smith@doj.nh.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **NH Attorney General**<br>*other*<br>Gordon MacDonald | represented by | **Anthony Galdieri (NHAG)**<br>Office of the Attorney General (NH)<br>Civil Bureau<br>33 Capitol St<br>Concord, NH 03301−6397<br>603 271−1214<br>Email: anthony.galdieri@doj.nh.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Samuel R.V. Garland**<br>NH Attorney General's Office (Civil)<br>Civil Bureau<br>33 Capitol St<br>Concord, NH 03301−6397<br>603 271−3650<br>Email: samuel.garland@doj.nh.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Patricia G. Conway**<br>*Rockingham County Attorney, in her official capacity*<br>*other*<br>Patricia G. Conway | represented by | **Christopher Cole**<br>Sheehan Phinney Bass & Green PA<br>1000 Elm St<br>PO Box 3701<br>Manchester, NH 03105−3701<br>603 627−8223<br>Email: ccole@sheehan.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Windham, NH, Town of** | represented by | **Eric Alexander Maher**<br>Donahue Tucker & Ciandella PLLC<br>16 Windsor Lane<br>Exeter, NH 03833<br>603 778−0686<br>Fax: 603 772−4454<br>Email: emaher@dtclawyers.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Gerald S. Lewis**<br>*Chief of Police, Town of Windham, in his official capacity* | represented by | **Eric Alexander Maher**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/11/2019 | 1 | | COMPLAINT against Patricia G. Conway, John J. Coughlin, Gerald S. Lewis, NH Attorney General, Windham, NH, Town of (Filing fee $400 receipt number 14649017428) filed by Paul Maravelias. (Attachments: # 1 Summonses, # 2 Certification of Notice to Defendants)(bt) (Entered: 02/11/2019) |
| 02/11/2019 | 2 | | MOTION for Emergency Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction filed by Paul Maravelias. **HEARING REQUESTED.** (Attachments: # 1 Declaration in Support, # 2 Proposed Order)(bt) (Entered: 02/11/2019) |
| 02/11/2019 | | | Case assigned to Judge Steven J. McAuliffe. The case designation is: 1:19−cv−143−SM. Please show this number with the judge designation on all future pleadings. (bt) (Entered: 02/11/2019) |
| 02/11/2019 | | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (bt) (Entered: 02/11/2019) |

| | | | |
|---|---|---|---|
| 02/11/2019 | 3 | | Summonses issued by mail as to Patricia G. Conway, John J. Coughlin, Gerald S. Lewis, NH Attorney General, Windham, NH, Town of. **Counsel shall serve all documents in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF)(bt) (Entered: 02/11/2019) |
| 02/11/2019 | 4 | | **ORDER denying 2 Motion for Emergency Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. So Ordered by Judge Steven J. McAuliffe.(lml)** (Entered: 02/11/2019) |
| 03/27/2019 | 5 | | REQUEST FOR ISSUANCE OF SUMMONS/WAIVER by Paul Maravelias.(lml) (Entered: 03/29/2019) |
| 03/27/2019 | 7 | | Returns of Service Executed as to Patricia G. Conway, NH Attorney General, Windham, NH, Town of by Paul Maravelias. Served/Mailed on 3/27/2019. Answer Follow Up on 4/17/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(lml) (Entered: 03/29/2019) |
| 03/29/2019 | 6 | | Summons issued by mail as to John J. Coughlin. **Counsel shall serve all documents in accordance with Fed. R. Civ. P. 4. NOTICE: Counsel shall print and serve the summons and all attachments in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF) (lml) (Entered: 03/29/2019) |
| 04/16/2019 | 8 | | *Town of Windham, Windham Police and Gerald Lewis* ANSWER to 1 Complaint, *and Brief Statement of Defenses* filed by Gerald S. Lewis, Windham, NH, Town of.(Maher, Eric) (Entered: 04/16/2019) |
| 04/17/2019 | 9 | | NOTICE of Attorney Appearance by Samuel R.V. Garland on behalf of NH Attorney General Attorney Samuel R.V. Garland added to party NH Attorney General(pty:dft).(Garland, Samuel) (Entered: 04/17/2019) |
| 04/17/2019 | 10 | | MOTION to Dismiss filed by NH Attorney General. Follow up on Objection on 5/1/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A − 1/16/19 NH Supreme Court Order)(Garland, Samuel) Modified on 4/17/2019 to add exhibit description (lml). (Entered: 04/17/2019) |
| 04/17/2019 | 11 | | MOTION to Dismiss filed by John J. Coughlin. Attorney Nancy J. Smith added to party John J. Coughlin(pty:dft). Follow up on Objection on 5/1/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Smith, Nancy) (Entered: 04/17/2019) |
| 04/17/2019 | 12 | | NOTICE of Defendant Patricia Conway's Joinder In Gordon J. MacDonald's Motion to Dismiss by Patricia G. Conway. Attorney Christopher Cole added to party Patricia G. Conway(pty:dft).(Cole, Christopher) Modified on 4/18/2019 to link to doc. no. 10 (lml). (Entered: 04/17/2019) |
| 04/18/2019 | 13 | | NOTICE of Attorney Appearance by Anthony Galdieri (NHAG) on behalf of NH Attorney General Attorney Anthony Galdieri (NHAG) added to party NH Attorney General(pty:dft).(Galdieri (NHAG), Anthony) (Entered: 04/18/2019) |
| 04/18/2019 | 14 | | NOTICE of Attorney Appearance by Eric Alexander Maher on behalf of Gerald S. Lewis (Maher, Eric) (Entered: 04/18/2019) |
| 04/18/2019 | 15 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Attorney Appearance by Eric Alexander Maher on behalf of Windham, NH, Town of (Maher, Eric) (Entered: 04/18/2019) |
| 04/18/2019 | 16 | | NOTICE of Attorney Appearance by Christopher Cole on behalf of Patricia G. Conway (Cole, Christopher) (Entered: 04/18/2019) |
| 04/19/2019 | | | NOTICE OF PRETRIAL CONFERENCE. Pretrial Conference set for 6/3/2019 11:00 AM before Magistrate Judge Andrea K. Johnstone. Follow up on Discovery Plan 5/28/2019. Please note pursuant to Title 28 USC 636(c) and Local Rule 73.1, the parties may consent to have the case reassigned to the Magistrate Judge, but are free to withhold consent without adverse consequences.(vln) (Entered: 04/19/2019) |
| 04/19/2019 | 17 | | PRO SE MOTION to Obtain ECF Login and Password filed by Paul Maravelias. Follow up on Objection on 5/3/2019. (lml) (Entered: 04/22/2019) |
| 04/26/2019 | 18 | | MOTION to Dismiss filed by Gerald S. Lewis, Windham, NH, Town of. Follow up on Objection on 5/10/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Maher, Eric) (Entered: 04/26/2019) |
| 05/04/2019 | | | **ENDORSED ORDER *Text of Order: The pretrial conference is cancelled and will be rescheduled after resolution of the pending Motions to Dismiss (doc. nos. 10, 11 & 18). Given the issues raised in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b) to after the rescheduled pretrial conference.* So Ordered by Judge Steven J. McAuliffe. (lml)** (Entered: 05/06/2019) |
| 05/06/2019 | 19 | | OBJECTION to 10 MOTION to Dismiss filed by Paul Maravelias. Follow up on Reply on 5/13/2019. (lml) (Entered: 05/08/2019) |
| 05/06/2019 | 20 | | OBJECTION to 11 MOTION to Dismiss filed by Paul Maravelias. Follow up on Reply on 5/13/2019. (lml) (Entered: 05/08/2019) |
| 05/06/2019 | 21 | | OBJECTION to 18 MOTION to Dismiss filed by Paul Maravelias. Follow up on Reply on 5/13/2019. (lml) (Entered: 05/08/2019) |
| 05/06/2019 | 22 | | AMENDED COMPLAINT with Jury Demand against Paul Maravelias. (Attachments: # 1 Exhibit A − Petitioner's Motion for Modification of Stalking, # 2 Exhibit B − Respondent's Objection to Motion for Modification, # 3 Exhibit C − Petitioner's Reply to Objection, # 4 Exhibit D − Endorsed Order denying Objection, # 5 Exhibit E − Endorsed Order granting Relief, # 6 Exhibit F − Endorsed Order granting Motion for Modification, # 7 Exhibit G − Surreply)(lml) (Entered: 05/08/2019) |
| 05/13/2019 | 23 | | MOTION for Preliminary Injunction filed by Paul Maravelias. Served on 5/13/2019. Follow up on Objection on 5/28/2019. (Attachments: # 1 Memorandum of Law, # 2 Declaration in Support of Motion, # 3 Proposed Order)(lml) (Entered: 05/13/2019) |
| 05/14/2019 | | | **ENDORSED ORDER denying 17 Pro Se Motion to Obtain ECF Login and Password. *Text of Order: Denied without prejudice to renewing the motion after the pending motions to dismiss are resolved.* So Ordered by Judge Steven J. McAuliffe. (lml)** (Entered: 05/15/2019) |
| 05/16/2019 | 24 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Dismiss *to Amended Complaint* filed by Gerald S. Lewis, Windham, NH, Town of. Follow up on Objection on 5/30/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Maher, Eric) (Entered: 05/16/2019) |
| 05/16/2019 | 25 | | BRIEF/MEMORANDUM *in Support of Motion to Dismiss Amended Complaint* by Gerald S. Lewis, Windham, NH, Town of (Attachments: # 1 Exhibit Ex A to Memorandum, # 2 Exhibit Ex B to Memorandum)(Maher, Eric) Modified on 6/19/2019 to link to doc. no. 24 (lml). (Entered: 05/16/2019) |
| 05/17/2019 | | | NOTICE of ECF Filing Errors re: 25 Brief filed by Gerald S. Lewis, Windham, NH, Town of. Document should have been filed as an attachment to the main document (AP 2.5(a)). Exhibits or attachments shall be followed by a short description of the document and shall not exceed five words. AP 2.5(a). NO ACTION REQUIRED − FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603−226−7326.(lml) (Entered: 05/17/2019) |
| 05/17/2019 | 26 | | MOTION to Dismiss Amended Complaint filed by NH Attorney General. Follow up on Objection on 5/31/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Exhibit A − NHSC Notice of Appeal, # 2 Exhibit Exhibit B − NHSC Notice of Appeal, # 3 Exhibit Exhibit C − NHSC Merits Brief, # 4 Exhibit Exhibit D − NHSC Reply Brief)(Garland, Samuel) Modified on 5/20/2019 to add: amended complaint text (lml). (Entered: 05/17/2019) |
| 05/20/2019 | 27 | | MOTION to Dismiss *Amended Complaint* filed by John J. Coughlin. Follow up on Objection on 6/3/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Smith, Nancy) (Entered: 05/20/2019) |
| 05/20/2019 | 28 | | NOTICE of Defendant Patricia Conway's Notice that she Joins in Gordon J. MacDonald's Motion to Dismiss the Plaintiff's Amended Complaint by Patricia G. Conway.(Cole, Christopher) Modified on 5/21/2019 to link to doc. no. 26 (lml). (Entered: 05/20/2019) |
| 05/22/2019 | 29 | | Returns of Service Executed as to Gerald S. Lewis, Windham, NH, Town of by Paul Maravelias. Served/Mailed on 5/13/2019. Answer Follow Up on 6/3/2019. (lml) (Entered: 05/22/2019) |
| 05/28/2019 | 30 | | OBJECTION to 23 MOTION for Preliminary Injunction filed by NH Attorney General. Follow up on Reply on 6/4/2019. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Garland, Samuel) (Entered: 05/28/2019) |
| 05/29/2019 | 31 | | NOTICE of Defendant Patricia Conway's Notice that She Joins in Gordon J. MacDonald's Objection to the Plaintiff's Motion for Preliminary Injunction by Patricia G. Conway.(Cole, Christopher) Modified on 6/4/2019 link to doc. no. 23 (lml). (Entered: 05/29/2019) |
| 05/31/2019 | 32 | | NOTICE for Joinder re: 30 Objection to Motion, filed by Gerald S. Lewis, Windham, NH, Town of. (Maher, Eric) Modified on 6/4/2019 to correct docket text and link to doc. no. 23 (lml). (Entered: 05/31/2019) |

| | | | |
|---|---|---|---|
| 06/03/2019 | 33 | | OBJECTION to 26 MOTION to Dismiss Amended Complaint filed by Paul Maravelias. **HEARING REQUESTED.** Follow up on Reply on 6/10/2019. (Attachments: # 1 Memorandum of Law, # 2 Exhibit A − Notice of Appeal, # 3 Exhibit B − NHSC Case Summary, # 4 Exhibit C − Appendix to NHSC Merits Brief)(lml) (Entered: 06/03/2019) |
| 06/03/2019 | 36 | | OBJECTION to 24 MOTION to Dismiss *to Amended Complaint* filed by Paul Maravelias. Follow up on Reply on 6/10/2019. (lml) (Entered: 06/05/2019) |
| 06/04/2019 | 34 | | OBJECTION to 27 MOTION to Dismiss *Amended Complaint* filed by Paul Maravelias. Follow up on Reply on 6/11/2019. (lml) (Entered: 06/05/2019) |
| 06/04/2019 | 35 | | Objection to 28 Notice of Defendant Patricia Conway's Notice that she Joins in Gordon J. MacDonald's Motion to Dismiss the Plaintiff's Amended Complaint, filed by Paul Maravelias. (lml) (Entered: 06/05/2019) |
| 06/07/2019 | 37 | | REPLY to Objection to Motion re: 23 MOTION for Preliminary Injunction filed by Paul Maravelias. Surreply due by 6/12/2019. (Attachments: # 1 Memorandum of Law)(lml) (Entered: 06/10/2019) |
| 06/10/2019 | 38 | | REPLY to Objection to Motion re 26 MOTION to Dismiss filed by NH Attorney General. Surreply due by 6/17/2019. (Garland, Samuel) (Entered: 06/10/2019) |
| 06/10/2019 | 39 | | REPLY to Objection to Motion re 24 MOTION to Dismiss *to Amended Complaint* filed by Windham, NH, Town of. Surreply due by 6/17/2019. (Maher, Eric) (Entered: 06/10/2019) |
| 06/11/2019 | 40 | | REPLY to Objection to Motion re 27 MOTION to Dismiss *Amended Complaint* filed by John J. Coughlin. Surreply due by 6/17/2019. (Smith, Nancy) (Entered: 06/11/2019) |
| 06/18/2019 | 41 | | SURREPLY to Reply to 24 MOTION to Dismiss *to Amended Complaint* filed by Paul Maravelias. (lml) (Entered: 06/19/2019) |
| 06/18/2019 | 42 | | SURREPLY to Reply to 26 MOTION to Dismiss filed by Paul Maravelias. (lml) (Entered: 06/19/2019) |
| 11/04/2019 | | | **ENDORSED ORDER denying 23 Motion for Preliminary Injunction. *Text of Order: Denied for want of jurisdiction.* So Ordered by Judge Steven J. McAuliffe. (lw)** (Entered: 11/04/2019) |
| 11/04/2019 | 43 | | **///ORDER granting 24 Motion to Dismiss to Amended Complaint; granting 26 Motion to Dismiss Amended Complaint; granting 27 Motion to Dismiss Amended Complaint; granting 28 NOTICE of Defendant Patricia Conway's Notice that she Joins in Gordon J. MacDonald's Motion to Dismiss the Plaintiff's Amended Complaint; denying as moot 10 Motion to Dismiss; denying as moot 11 Motion to Dismiss; denying as moot 12 NOTICE of Defendant Patricia Conway's Joinder In Gordon J. MacDonald's Motion to Dismiss; denying as moot 18 Motion to Dismiss. The Clerk of Court shall enter judgment in accordance with this order and close the case. So Ordered by Judge Steven J. McAuliffe.(lw)** (Entered: 11/04/2019) |
| 11/04/2019 | 44 | | **JUDGMENT is hereby entered in accordance with 43 Order on Motions to Dismiss. Signed by Daniel J. Lynch, Clerk of Court. *(Case Closed)* (lw)** |

| | | | |
|---|---|---|---|
| | | | (Entered: 11/04/2019) |
| 12/02/2019 | 45 | | RULE 53(E) MOTION to Alter or Amend Judgment filed by Paul Maravelias. Served on 12/2/2019. Follow up on Objection on 12/16/2019. (Attachments: # 1 Memorandum of Law)(lw) (Entered: 12/03/2019) |
| 12/02/2019 | 46 | | NOTICE OF APPEAL as to 43 Order on Motion to Dismiss, 44 Judgment by Paul Maravelias. Filing fee $505, receipt number 14649018600. File−stamped copy to be sent to parties/USCA by Clerks Office.<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf**(lw) (Entered: 12/03/2019) |
| 12/03/2019 | 47 | | Appeal Cover Sheet as to 46 Notice of Appeal filed by Paul Maravelias. (lw) (Entered: 12/03/2019) |
| 12/03/2019 | 48 | | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 43, 44, 46 through 48, re: 46 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(lw) (Entered: 12/03/2019) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1. USDC/NH Case No. 19-cv-143-SM

2. TITLE OF CASE: Maravelias v. Coughlin, et al

3. TYPE OF CASE: Civil

4. NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
See certified copy of docket (ECF registered users not provided with a copy of docket)

5. NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
See certified copy of docket (ECF registered users not provided with a copy of docket)

6. NAME OF JUDGE: Judge Steven J. McAuliffe

7. DATE OF JUDGMENT OR ORDER ON APPEAL: **November 4, 2019**

8. DATE OF NOTICE OF APPEAL: **December 2, 2019**

9. FEE PAID or IFP: YES

10. COURT APPOINTED COUNSEL: NO

11. COURT REPORTER(S): and DATES:

12. TRANSCRIPTS ORDERED/ON FILE: NO

13. HEARING/TRIAL EXHIBITS: NO

14. MOTIONS PENDING: YES

15. GUIDELINES CASE: Not Applicable

16. RELATED CASES or CROSS APPEAL:

17. SPECIAL COMMENTS:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Paul Maravelias

v.

No. 19-cv-143-SM

John J. Coughlin, et al

CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

I, Lianne Wagner, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the record on appeal to the First Circuit Court of Appeals:

DOCUMENTS NUMBERED: 43, 44, 46 through 48

The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, December 3, 2019

**DANIEL J. LYNCH, Clerk**

**By: /s/ Lianne Wagner, Deputy Clerk**

**Dec 03, 2019**

cc: Paul Maravelias, pro se
Nancy J. Smith, Esq.
Anthony Galdieri, Esq.
Samuel R.V. Garland, Esq.
Christopher Cole, Esq.
Eric Alexander Maher, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE** 2019 DEC -2 A 9:46

| | |
|---|---|
| PAUL MARAVELIAS, *Plaintiff,* v. JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police. *Defendants.* | Civil No. 1:19-CV-143(SM) |

**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

The above-named Plaintiff, Paul Maravelias, hereby gives notice to the Honorable Court pursuant to Fed. R. App. P. 3(c)(1) and 4(a) that he appeals as of right to the United States Court of Appeals for the First Circuit from the Memorandum Opinion and Order (ECF Doc #43) and Judgment (ECF Doc #44) entered in the above-titled action on November 4th, 2019. The Memorandum Opinion and Order granted Defendants' motion(s) to dismiss, dismissing Plaintiff's entire complaint, and denied his motion for preliminary injunction on jurisdictional grounds.

Dated: December 2nd, 2019

Respectfully submitted,

PAUL J. MARAVELIAS, *pro se*

By: /s/ Paul J. Maravelias

Paul J. Maravelias
34 Mockingbird Hill Road
Windham, NH 03087
paul@paulmarv.com
603-475-3305

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Paul Maravelias,
Plaintiff

v. Case No. 19-cv-143-SM-SM
Opinion No. 2019 DNH 188

Hon. John J. Coughlin;
Attorney General Gordon J. MacDonald;
Patricia G. Conway, Esq.; Town of Windham;
and the Windham Police Department,
Defendants

**O R D E R**

Pro se plaintiff, Paul Maravelias, brings this action challenging the constitutionality of a stalking order entered against him by the New Hampshire Circuit Court. He also asks the court to declare that the state statute pursuant to which that stalking order was issued is both facially overbroad and void for vagueness. He seeks injunctive and declaratory relief, invalidating the stalking order and preventing defendants from enforcing the terms of that stalking order. As defendants, Maravelias has named the state court judge who entered the stalking order, and various people and organizations he fears may enforce that order against him: the New Hampshire Attorney General, the Rockingham County Attorney, the Town of Windham, and the Windham Police Department.

Defendants move to dismiss Maravelias's amended complaint asserting, among other things, that this court lacks subject matter jurisdiction to entertain his claims under the Rooker-Feldman doctrine. Maravelias objects. For the reasons discussed, defendants' motions to dismiss are granted and the case is dismissed.

**Background**

This case has been extensively litigated over the years and the relevant factual background has been set forth at length in earlier judicial opinions. See, e.g., DePamphilis v. Maravelias, No. 2018-0483 (N.H. Jan. 16, 2019) (document no. 26-1). See also DePamphilis v. Maravelias, 2017 WL 3468651 (N.H. July 28, 2017). That background need not be recounted in detail here. It is sufficient to note that those opinions describe a history of disturbing behavior by Maravelias, stemming from his years-long obsession with a young woman named Christina, who is significantly younger than he - an obsession that began when Christina was only 11 years old.[1]

[1] At a hearing before the state circuit court, Maravelias revealed that he still possesses photographs and at least one video of Christina from when she was only 12 years old (in fact, he introduced them as exhibits to prove his claim that, even at that young age, Christina was "flirtatious" with him and dressed in a manner he described as "scantily clad.") See DePamphilis v. Maravelias, No. 2018-0483, slip op. at 6 (N.H. Jan. 16, 2019).

Maravelias's obsession with Christina has not abated over the years and has been punctuated by events that include, for example, his attempt to give Christina a new Maserati sports car when she was a sophomore in high school - an offer that was rejected in unambiguous terms. Subsequently, Maravelias either wrote or, as he claims, merely "aided the composition" of, an "anonymous" letter that was sent to Christina. The New Hampshire Supreme Court described that letter as containing "graphic allegations concerning sexual behavior" and what can best be described as ranting, abusive, and vulgar language attacking Christina, her mother, and her father. See DePamphilis v. Maravelias, No. 2018-0483, slip op. at 4 (N.H. Jan. 16, 2019). More recently, Maravelias sent an email to four teachers at Christina's high school, demanding that she be removed from the school's chapter of the National Honor Society and accusing Christina of various criminal and anti-social behaviors. It is sufficient to note that Christina has a well-founded fear for her personal safety. Indeed, she testified that she was afraid that Maravelias's fixation on her had turned "from a love obsession to now a hate obsession." DePamphilis v. Maravelias, No. 2018-0483, slip op. at 6 (N.H. Jan. 16, 2019).

By January of 2018, Maravelias was already subject to a civil stalking order that had been issued by the New Hampshire

Circuit Court, pursuant to N.H. Rev. Stat. Ann. ("RSA") 633:3-a. That order prevented Maravelias from, among other things, having any contact with Christina. Maravelias challenged that order when it was first issued (resulting in an appeal that was denied on the merits by the New Hampshire Supreme Court) and he pushed the restrictions embodied in that order to their very limits. On January 5, 2018, Christina moved the state court to extend the stalking order for another year. Following a three-day evidentiary hearing (at which Maravelias appeared, pro se, and extensively cross-examined Christina), the court granted Christina's motion and extended the protective order.

Maravelias again pushed the limits of that order, prompting Christina to petition the court to modify it by imposing greater limitations on Maravelias (including restrictions that prevent him from accessing, possessing, and disseminating materials from Christina's social media accounts). Maravelias objected, asserting numerous claims, including: (1) that the proposed restrictions would violate his free speech rights under the state and federal constitutions; (2) that the modification was unconstitutionally vague and overbroad; and, (3) if entered, the modified stalking order would deny him due process.[2]

---

[2] Maravelias also raised what might fairly be viewed as a threat against the judge, asserting that the judge "would incur

The court (Coughlin, J. - a named defendant in this litigation) rejected Maravelias's arguments and, on August 7, 2018, granted Christina's request to modify the stalking order. That order (the "Modified Stalking Order") is the subject of this litigation.

Maravelias appealed the Modified Stalking Order to the New Hampshire Supreme Court, where he challenged the substance, scope, and constitutionality of the order itself, as well as the constitutionality of the statute under which it had been issued (RSA 633:3-a). His various claims were extensively briefed, in both his original appellate brief and his reply brief. In a lengthy order dated January 16, 2019, the New Hampshire Supreme Court rejected Maravelias's legal arguments and affirmed both the trial court's extension of the pre-existing stalking order, as well as its subsequent decision to enter the Modified Stalking Order. DePamphilis v. Maravelias, No. 2018-0483 (N.H. Jan. 16, 2019).

It does not appear that Maravelias filed a petition seeking certiorari review in the United States Supreme Court. Instead,

---

liability in federal - let alone state-level - lawsuits for damages on the grounds of willful, reckless First Amendment transgression." Objection to Modified Stalking Order (document no. 22-2) at para. 21. See also id. at paras. 22 and 41.

it would seem, he proceeded directly to this court, raising essentially the same claims he pressed in state court and seeking a judicial declaration that the Modified Stalking Order: (1) violates his free speech rights, as guaranteed by both the state and federal constitutions; (2) violates both his procedural and substantive due process rights under the Fourteenth Amendment; (3) violates his equal protection rights under the Fourteenth Amendment; (4) violates the Ex Post Facto clause of the Constitution; and (5) exceeds the statutory authority vested in state courts by RSA 633:3-a. Also, in an apparent attempt to avoid the Rooker-Feldman doctrine, Maravelias's amended complaint includes a request that the court declare RSA 633:3-a both unconstitutionally broad and unconstitutionally vague on its face. Finally, as noted above, he seeks an injunction preventing any of the named defendants from enforcing the terms of the Modified Stalking Order against him.

**Discussion**

While each of Maravelias's claims appears to be frivolous, meritless, and misguided, this court lacks jurisdiction to address them on the merits, given the Rooker-Feldman doctrine. Generally speaking, the Rooker-Feldman doctrine prevents a losing party in state court - like Maravelias - from seeking

subsequent federal court review of that state court judgment by asserting that the state court judgment violated the loser's federally-protected rights. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker–Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Review of such state-court judgments can only be obtained in the United States Supreme Court. See Feldman, 460 U.S. at 476. See generally 28 U.S.C. § 1257.[3]

Here, the thrust of Maravelias's lawsuit is undeniably an effort to invalidate the Modified Stalking Order that was upheld by the state supreme court before Maravelias instituted this action. Indeed, his prayer for relief makes that abundantly clear: he seeks a judicial declaration that the Modified

[3] Congress may, of course, vest federal district courts with appellate jurisdiction over certain state-court judgments, as it has done in the case of habeas corpus petitions. See 28 U.S.C. § 2254(a). This is not such a case.

Stalking Order is invalid and unconstitutional, and he also seeks an injunction preventing any of the named defendants from enforcing its terms against him. Under the Rooker-Feldman doctrine, this court plainly lacks subject matter jurisdiction to entertain those claims, since doing so would necessarily involve a review of the New Hampshire Supreme Court's judgment upholding the validity and enforceability of both the extended stalking order and the Modified Stalking Order. See generally Exxon Mobil Corp., 544 U.S. 280; Sinapi v. R.I. Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018); Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64-65 (1st Cir. 2018); McKenna v. Curtin, 869 F.3d 44, 47-48 (1st Cir. 2017); Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009).

It should be noted that Maravelias's efforts to circumvent the jurisdictional bar imposed by Rooker-Feldman - that is, by bringing a constitutional challenge to the facial validity of RSA 633:3-a (the state statute that authorizes the entry of stalking orders) - is unavailing. See, e.g., Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47 (1st Cir. 2019). In Tyler, as in this case, the losing state court litigant did not file a petition for certiorari with the Supreme Court. Instead, like Maravelias, she brought an action in federal district court asserting that a recent decision by the Massachusetts Supreme

Judicial Court (in a case to which she was a party) had violated her Fourth and Fourteenth Amendment rights. The Court of Appeals noted that, "[t]he record makes plain that Tyler came to federal court seeking an end-run around the SJC's 2017 decision. . . . And the complaint does indeed request that the district court 'declare the Supreme Judicial Court's decision unconstitutional.' The complaint also repeatedly identifies the SJC's 2017 decision as the exclusive cause of Tyler's injury." Id. at 50. The court concluded that the Rooker-Feldman doctrine precluded the district court from exercising subject matter jurisdiction over the plaintiff's claims.

Moreover, and more to the point, the court held that the plaintiff's alternative argument (one also advanced by Maravelias) - that she was not seeking a reversal of the state-court judgment, but rather presenting an independent, general challenge to the constitutionality of state law - was insufficient to avoid Rooker-Feldman's bar to the exercise of subject matter jurisdiction.

> It is true that the Rooker-Feldman doctrine does not bar a general attack on the constitutionality of a state law that does not require review of a judicial decision in a particular case. If a federal plaintiff "presents an independent claim," it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court. But that

> exception does not apply if the relief sought in federal court is directed towards undoing the prior state judgment. As we have explained, the relief Tyler seeks is entirely predicated on her insistence that the SJC erred in the 2017 adjudication of her case. Her attempt to reframe the case as an independent challenge to the Massachusetts law is therefore felled by her own complaint.

Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 51–52 (1st Cir. 2019) (emphasis supplied) (citations and internal punctuation omitted). So it is in this case with respect to Maravelias's efforts to vacate the Modified Stalking Order by undermining the validity of its statutory source, RSA 633:3-a.

And, finally, the court notes that Maravelias's efforts to demonstrate that Rooker-Feldman does not apply because the stalking order remains subject to renewal and, therefore, there has been no "final judgment" in the case, are equally unpersuasive and meritless. See, e.g., Tyler, 914 F.3d at 52 (rejecting plaintiff's claims that the state court proceedings had not yet ended and could, at least in theory, continue for another 10 years). Here, as in Tyler, there is no suggestion that the state courts will again consider the federal questions presented by the Modified Stalking Order. The New Hampshire Supreme Court's affirmance of the trial court's decision to

enter the Modified Stalking Order was final and Maravelias's constitutional challenges to that order will not be revisited.

## Conclusion

For the foregoing reasons, as well as those set forth in the legal memoranda submitted by defendants, it is plain that the Rooker-Feldman doctrine precludes this court from exercising subject matter jurisdiction over Maravelias's claims.[4] Accordingly, defendants' motions to dismiss (documents no. 24, 26, 27, and 28) are granted. Those motions to dismiss filed prior to plaintiff's submission of his amended complaint (documents no. 10, 11, 12, and 18) are denied as moot.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

[4] It is equally plain that a number (if not all) of Maravelias's claims, were they addressed on the merits, would be barred by res judicata, by virtue of the state supreme court's final judgment in his appeal related to the Modified Stalking Order. DePamphilis v. Maravelias, No. 2018-0483 (N.H. Jan. 16, 2019). And, of course, Judge Coughlin is entitled to the protections afforded by judicial immunity. See generally Zenon v. Guzman, 924 F.3d 611, 616–17 (1st Cir. 2019) (providing what the court called a "primer on judicial immunity").

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

November 4, 2019

cc: Paul Maravelias, pro se
Nancy J. Smith, Esq.
Anthony Galdieri, Esq.
Samuel R.V. Garland, Esq.
Christopher Cole, Esq.
Eric Alexander Maher, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Paul Maravelias,
Plaintiff

v. Case No. 19-cv-143-SM

Hon. John J. Coughlin;
Attorney General Gordon J. MacDonald;
Patricia G. Conway, Esq.; Town of Windham;
and the Windham Police Department,
Defendants

JUDGMENT

Judgment is hereby entered in accordance with the Order by District Judge Steven J. McAuliffe dated November 4, 2019.

The prevailing party may recover costs consistent with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

By the Court:

Daniel J. Lynch
Clerk of Court

Date: November 4, 2019

cc: Paul Maravelias, pro se
Nancy J. Smith, Esq.
Anthony Galdieri, Esq.
Samuel R.V. Garland, Esq.
Christopher Cole, Esq.
Eric Alexander Maher, Esq.