IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| PAUL MARAVELIAS,<br><br>                 Plaintiff – Appellant,<br><br>v.<br><br>JOHN J. COUGHLIN, in his individual and official capacities, GORDON J. MACDONALD, in his official capacity as Attorney General of New Hampshire, PATRICIA G. CONWAY, in her official capacity as Rockingham County Attorney, TOWN OF WINDHAM, *ex rel.* WINDHAM POLICE DEPARTMENT, and GERALD S. LEWIS, in his official capacity as Chief of Police.<br><br>                 Defendants – Appellees. | Case No.: 19-2244<br><br>District No. 1:19-CV-00143-SM |

## RULE 30(C)(1) MOTION FOR DEFERRED JOINT APPENDIX

    Plaintiff-Appellant Paul Maravelias respectfully requests that the Court permit a deferred appendix in this case pursuant to Fed. R. App. Proc. R. 30(c)(1) and in further support states as follows:

    1.    This case deals heavily with long, complex state court records in a New Hampshire civil restraining order case, a 2018 New Hampshire Supreme Court state appeal thereof, and Maravelias's full brief on the merits in said state appeal. These records are relevant to legal questions on hand regarding what arguments were briefed, what arguments were actually adjudicated in state courts, the procedural dates/history of the state proceedings relevant to the *Rooker-Feldman* doctrine issue on appeal, and like matters.

2. Maravelias's dismissed Amended Complaint in the federal suit below incorporated by reference his entire 290-page state appellate brief and appendix in <u>Christina DePamphilis v. Paul Maravelias</u> (NHSC Case No. 2018-0483).

3. In the federal suit below, Maravelias incorporated a large 76-page excerpt of said brief as an exhibit (ECF Doc. #33-4) to his memorandum (ECF Doc #33-1) opposing the motion to dismiss.

4. It is likely that defendants' briefs will refer to diverse and unforeseeable parts of this record.

5. The Advisory Committee notes on <u>Fed. R. App. Proc. R.</u> 30(c) have noted:

"The advantage of this method of preparing the appendix [a deferred appendix] is that it permits the parties to determine what parts of the record need to be reproduced in the light of the issues actually presented by the briefs. Often neither side is in a position to say precisely what is needed until the briefs are completed. Once the argument on both sides is known, it should be possible to confine the matter reproduced in the appendix to that which is essential to a determination of the appeal or review."

6. A deferred appendix is therefore well-suited to this case in the interest of minimizing reproduction of large parts of state court record where unnecessary.

7. Additionally, since there are multiple defendants in this appeal filing multiple briefs, the deferred appendix maximizes global efficiency and minimizes burden on the part of defendants' counsel.

8. When doing preliminary legal research for this appeal, *pro se* non-lawyer Maravelias relied upon a 2014 publication[1] by Winston & Straw, LLP entitled "Avoiding Federal

---

[1] https://www.winston.com/images/content/9/1/v2/91170/Litigation-Goldstein-Bruno-Young-Lawyers-Corner-Nov2014.pdf

Appendicitis" stating the "deferred joint appendix" is "an available option in the First [Circuit]". Nevertheless, after reviewing this Court's Local Rules and Briefing Order in this case, it is not apparent that the instant motion alone absolves Maravelias of the duty to submit an initial appendix along with his brief.

9. Accordingly, in an abundance of caution and to serve judicial economy should defendants successfully oppose this motion, Maravelias submits his contemporaneously filed brief with a preliminary appendix pending this Court's decision on whether to allow a deferred joint appendix.

10. This motion is therefore also a beneficial favor to counsel for Defendant Coughlin and for the Defendant Attorney General, with whom Maravelias has been in recent contact inside a separate federal suit and who are currently known by Maravelias to be under large pressures due to the Coronavirus (COVID-19) pandemic and New Hampshire's response thereto. The deferred appendix allows Attorneys Smith and Garland, registered as contacts in this case, to cite the record in their briefs pursuant to <u>Fed. R. App. Proc. R.</u> 30(c)(2) instead of preparing individual appendices.

**Intended appendical contents:**

(Report of relevant docket entries, amended notice of appeal, 11/4/19 Memorandum Opinion and Order granting defendants' motion to dismiss and denying plaintiff's motion for preliminary injunction, and brief statutory excerpts included in addendum.)

1. 3/1/20 NH Circuit Court order
2. ECF Doc #26-1 (NHSC Final Order in No. 2018-0483)
3. Exhibit A and B of district docket ECF Doc #33 (*viz.* #33-2 and #33-3).
4. Appendix to Maravelias's Brief in the 2018 NHSC Appeal (Case No. 2018-0483) (ECF Doc #33-4) excerpted to pages 11-12, 18

5. Maravelias's Brief in the 2018 NHSC Appeal (Case No. 2018-0483) (ECF Doc #26-3) excerpted to pages 12 – 29

6. ECF Doc #33-1 excerpted to pages 1, 27-33 (to show that the argument that the "extended terms" were extrajurisdictional was raised to the district court)

7. 2/11/2019 District Court Order denying Motion for Temporary Restraining Order (ECF Doc #4).

8. Amended Complaint.

**WHEREFORE**, Plaintiff-Appellant Paul Maravelias respectfully requests that the Court permit a deferred appendix in this case and grant and further relief as may be deemed just and proper.

Dated: May 13th, 2020                    Respectfully submitted,

                                         PAUL J. MARAVELIAS,

                                         *pro se*


                                         /s/Paul J. Maravelias
                                         **Paul J. Maravelias**
                                         34 Mockingbird Hill Rd
                                         Windham, NH 03087
                                         paul@paulmarv.com
                                         603-475-3305


## CERTIFICATE OF SERVICE

I, Paul Maravelias, certify that a copy of this document is being sent on this date to all registered counsel of record for Defendants-Appellees via the Court's ECF system.


/s/ Paul J. Maravelias                    Dated: May 13th, 2020
**Paul J. Maravelias**