# United States Court of Appeals
## For the First Circuit

———————————

No. 19-2244

PAUL MARAVELIAS,

Plaintiff - Appellant,

v.

JOHN J. COUGHLIN, Senior Judge, 10th Circuit Court- District Division, in his individual and official capacity; GORDON J. MACDONALD, New Hampshire Attorney General; PATRICIA G. CONWAY, Rockingham County Attorney, in her official capacity; TOWN OF WINDHAM, NH; GERALD S. LEWIS, Chief of Police, Town of Windham, in his official capacity, WINDHAM POLICE DEPARTMENT,

Defendants - Appellees.

———————————

Before

Thompson, Kayatta and Barron,
Circuit Judges.

———————————

**JUDGMENT**

Entered: April 23, 2021

Plaintiff-Appellant appeals from the district court's dismissal of his amended complaint after the court concluded that it lacked subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. After review of the arguments of the parties and the record below, we conclude that the district court did not err in dismissing the complaint. Most of the claims set out in the operative complaint sought direct review of final state court judgments. Such review is barred by 28 U.S.C. § 1257 and the Rooker-Feldman doctrine, which limit such review to the United States Supreme Court. See Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47 (1st Cir. 2019); Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 24 (1st Cir. 2005).

With their briefs, the parties hotly contest whether Rooker-Feldman actually barred federal court review of the facial constitutional challenges articulated by plaintiff-appellant in the operative complaint. D.Ct. Dkt. 22 at 28-33 (alleging that N.H. Rev. Stat. Ann. § 633:3-a, III-c is facially overbroad and vague and thus violative of the federal constitution). We need not definitively resolve this point. We may affirm on any basis apparent from the record. See Williams

v. <u>United States</u>, 858 F.3d 708, 714 (1st Cir. 2017). The facial challenges, as specifically articulated by plaintiff-appellant in the operative complaint, fail to state a claim for which relief might be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). The district court (and, by extension, this court) was "'not bound to accept as true [any] legal conclusion[s] couched as [] factual allegation[s]'" by plaintiff-appellant in the operative complaint. <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 555 (2007) (quoting, via parenthetical, <u>Papasan</u> v. <u>Allain</u>, 478 U.S. 265, 286 (1986)). A court, of course, can and must consider the actual text of the relevant statute when addressing facial challenges of the sort plaintiff-appellant presses. <u>See generally</u> <u>United States</u> v. <u>Ackell</u>, 907 F.3d 67, 73 (1st Cir. 2018) (considering plain text when considering overbreadth challenge to federal stalking statute); <u>Mod. Cont'l/Obayashi</u> v. <u>Occupational Safety & Health Rev. Comm'n</u>, 196 F.3d 274, 281 (1st Cir. 1999) (looking to "plain language" of regulation when considering vagueness challenge).

Plaintiff-Appellant's facial challenges, as he himself frames them, hinge on the notion that a stalking-order extension under the operative provision, § 633:3-a, III-c, might be garnered with only a showing from the complainant that his/her/their "well-being" has been threatened. Again, though, the court is not required to accept as true plaintiff-appellant's reading of the statute, which disregards entirely the § 633:3-a, III-c requirement that a complainant demonstrate "good cause" in order to garner an extension of a stalking order. <u>See</u> <u>MacPherson</u> v. <u>Weiner</u>, 959 A.2d 206, 209-12 (N.H. 2008) (discussing proper interpretation of provision en route to rejecting vagueness challenge). For sure, the New Hampshire Supreme Court has discerned a link between the terms "good cause" and "well-being," as set out in the statute, <u>see id.</u> at 210, but the plain language of the statute requires a complainant seeking an extension to make an overarching demonstration of "good cause," not just a showing of *any* disturbance to the complainant's "well-being." Plaintiff-Appellant's facial challenges, as he himself frames them, fail because the reading of the statute animating the claims ignores key language and does not square with the full text of the statue. As such, plaintiff-appellant failed to state a claim for which relief might be granted with his two facial challenges, to the extent the challenges properly could be entertained at all. <u>See, e.g.</u>, <u>Neitzke</u> v. <u>Williams</u>, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.")

The judgment of the district court is **AFFIRMED**.

By the Court:

Maria R. Hamilton, Clerk

cc:
Paul J. Maravelias
Nancy J. Smith
Laura E. B. Lombardi
Weston Robert Sager
Anthony J. Galdieri

Samuel R. V. Garland
Christopher Cole
Eric Alexander Maher